Brent R. Cole
Law Office of Brent R. Cole, P.C.
821 N Street, Suite 208
Anchorage, AK 99501
(907) 277-8001
staff@akcolelaw.com
brent@akcolelaw.com
Attorneys for Plaintiff Eric Phillip

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| ERIC PHILLIP,<br><br>　　　　　Plaintiff,<br><br>PETER PAN SEAFOODS, INC. D/B/A<br>PAF MARINE YARD / PAF MARINE<br>SERVICES.<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 3:20-cv-00147-JMK<br>) |

**FIRST AMENDED COMPLAINT**

COMES NOW Eric Phillips ("Plaintiff"), by and through the Law Office of Brent R. Cole, P.C. and for his amended complaint alleges as follows:

### I. PARTIES

1. Plaintiff is a resident of Alaska, residing at Kongiganak, Alaska.

2. Defendant Peter Pan Seafoods, Inc. is a Washington corporation that does business in Alaska with a marine services and storage facility located in Dillingham, Alaska (described by Peter Pan Seafoods, Inc. as "DILLINGHAM – PAF" and referred to hereinafter as "PAF" or the "PAF Yard").

## II. JURISDICTION AND VENUE

3. At the time and place in question, Plaintiff was preparing to operate out of Dillingham, Alaska as a commercial fisherman in the Nushagak fishing district of Alaska's Bristol Bay Region with his vessel the *F/V Darlene Rose*.

4. The events and damages complained of occurred at or near the PAF Yard in Dillingham, Alaska and involved the actions or inactions of PAF Yard employees while providing haul out services for the *Dr*.

5. Plaintiff seeks damages in excess of $100,000.00.

6. Jurisdiction and venue are proper in this court.

## III. GENERAL AVERMENTS

7. Plaintiff is a commercial fisherman who fishes for salmon in Alaska's Bristol Bay region. Plaintiff owns and uses the *F/V Darlene Rose*, a 32' gillnetter, for salmon fishing in Bristol Bay. Plaintiff has been a commercial fisherman for more than 35 years and has operated the *F/V Darlene Rose* since acquiring it from his father in 2010.

8. Plaintiff utilized the PAF Yard to store the *F/V Darlene Rose* when that vessel was not being used for salmon fishing. PAF holds itself out as a storage and support facility that moves vessels for their customers. PAF's storage and moving services address multiple sizes of vessels from open skiffs to larger vessels.

9. Plaintiff utilized PAF to provide launch and haul-out of the *F/V Darlene Rose* before / after the salmon seasons in Bristol Bay. Plaintiff used PAF for both storage and launch / haul-out for more than 10 years prior to 2018.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

10. To undertake a launch or haul-out, Plaintiff would contact PAF, identify the *F/V Darlene Rose* (as the vessel to be moved) and request a launching or haul out. PAF would then (without further input from Plaintiff) select a truck, a trailer, and appropriate personnel to undertake the launching or haul-out operations. When Plaintiff has used PAF for launching and haul-out services, Plaintiff has relied upon PAF's expertise to select the appropriate truck, trailer, and personnel to be used for the selected service. For the launching and haul-out activities, Plaintiff's engagement with PAF has been to request those services. Plaintiff's engagement with PAF has not been to rent trucks, trailers, or to select personnel. Plaintiff has never specified any equipment or personnel to use for either launching or haul-out of the *F/V Darlene Rose*.

11. On instances prior to the June 27, 2018 haul-out, PAF had utilized a certain trailer ("the Red Trailer") to haul out the *F/V Darlene Rose*. On the instance in question, PAF utilized a different trailer ("the Green Trailer") to haul out the *F/V Darlene Rose*.

12. The Green and Red Trailers differ from each other in design, including, without limitation, varying in length, varying in the number and size of supports (for the loaded vessel), and trailer width.

13. A launch of a vessel involves placing it on a trailer, moving the loaded trailer to the boat launch, backing the loaded trailer into the water until the vessel's weight is borne by the water (*i.e.*, the vessel is floating) and maneuvering the vessel off the trailer.

14. The haul-out of a vessel involves the reverse sequence of a launch. The vessel, while floating, is maneuvered onto a trailer (the trailer being connected to a truck),

the vessel is secured to the trailer, the loaded truck is driven away from the boat launch (i.e., entirely out of the water) and then driven to the storage location.

15. During both launching and haul-out operations, at various times during the operations, the weight of the vessel is carried by water, carried partially by water / partially by the trailer, or is carried entirely by the trailer.

16. The selection of trailers for moving vessels requires knowledge of the vessel to be moved (including, without limitation, the weight and internal structure of the vessel) and using that knowledge to select a trailer of proper length, design, and support structure.

17. A trailer that is not the proper design or length for the size, weight, and structure of the vessel will not distribute the weight of the vessel evenly causing damage to the hull and under-hull fittings during the haul-out.

18. PAF regularly used the Red Trailer and the Green Trailer in PAF's vessel moving operations and knew the relevant characteristics of those trailers.

19. Prior to the June 27, 2018 haul-out, PAF had selected the Red Trailer to perform all launching and haul-outs of the *F/V Darlene Rose*.

20. During the entire 10-year period that Plaintiff has utilized PAF for launching / haul-out of the *F/V Darlene Rose* (for which PAF used the Red Trailer), at no point in the sequence of launching or haul-out were there cracking sounds or other indicators of damage to the hull of the *F/V Darlene Rose*.

21. In June of 2018, prior to June 27, 2018, the *F/V Darlene Rose* had been launched by PAF into the bay for operations testing before the 2018 fishing season. All

parts of this launching went smoothly (as had all prior launchings and haul-outs) without any cracking sounds or other indicia of damage or potential damage to the *F/V Darlene Rose,* even during those parts of the launching where the weight of the *F/V Darlene Rose* was entirely borne by the Red Trailer. Following this launching, the *F/V Darlene Rose* executed its operation testing without any cracking sounds or other indicators of damage, without any indicators that the hull was displacing water differently that other times, and without problems related to the integrity of the hull or other marine system.

22. In the days preceding the haul-out on June 27, 2018, the *F/V Darlene Rose* was on the water and did not have any compromise to its hull integrity.

23. After this operation testing, on June 27, 2018, Plaintiff called PAF to have the *F/V Darlene Rose* hauled out immediately prior to the commencement of salmon fishing, so that Plaintiff could ensure that the fishing gear and storage systems of the *F/V Darlene Rose,* were ready in all aspects for the upcoming season. Plaintiff had not experienced any problems with the integrity of the vessel's hull prior to this call. Plaintiff, as had been the practice in the past, including the immediately prior launch, relied upon PAF to select and provide the appropriate trailer (and truck) to perform the haul-out. Plaintiff positioned his boat for pick up as he always had without any damage to the hull.

24. Based on the multi-year history of using the Red Trailer to launch and haul-out the *F/V Darlene Rose,* PAF knew that the Red Trailer was suitable for use in hauling out the *F/V Darlene Rose.*

25. Prior to the June 27, 2018 haul-out, PAF had not used the Green Trailer for launching or haul-out of the *F/V Darlene Rose*.

26. PAF elected to use the Green Trailer for the June 27, 2018 haul – out rather than using the Red Trailer that PAF had selected and used in years past for haul-outs and launching of the *F/V Darlene Rose*.

27. Placement is accomplished by the efforts of both the operator of the vessel in coordination with the PAF employee operating the trailer. The vessel is idled to shore over the submerged trailer. The operator relies on the PAF employee to ensure that the vessel is sitting correctly on the trailer when it is pulled out of the water.

28. After placement of the *F/V Darlene Rose* onto the Green Trailer, when the PAF driver began to pull the loaded *F/V Darlene Rose* out of the water, but before the Green Trailer was bearing the entire weight of the *F/V Darlene Rose*, there occurred a series of loud cracks heard by Plaintiff who was on the *F/V Darlene Rose* as it was being hauled out. These cracking sounds occurred while some of the weight of the *F/V Darlene Rose* was still borne by water and the remainder of the weight of the *F/V Darlene Rose* was borne by the Green Trailer which PAF had selected to use for the haul-out.

29. The loud cracks or popping sounds heard by Plaintiff as the vessel was hauled out was the sound of the fiberglass breaking within the hull of the vessel.

30. After the vessel was hauled-out, Plaintiff confirmed that the cracking sounds that he heard during haul-out were the sound of the *F/V Darlene Rose* sustaining hull cracks (fiberglass damage) on both the starboard and port sides during the haul-out on June 27,

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

2018. The vessel did not have hull cracks on the starboard and port sides of the vessel prior to the June 27, 2018 haul-out. The vessel had hull cracks (fiberglass damage) on both the starboard and port sides of the vessel after the June 27, 2018 haul-out.

31. The hull cracks (fiberglass damage) on both the starboard and port sides of the *F/V Darlene Rose* sustained on June 27, 2018 were caused by PAF's incorrect selection and use of a trailer that was unfit to safely haul-out the vessel.

32. The *F/V Darlene Rose* suffered significant damages and was unseaworthy for commercial fishing. The Plaintiff missed a majority of the red salmon fishery that year which was a record season for the Nushagak fishing district.

33. The 2018 Nushagak fishing season was the highest grossing catch in years.

34. Despite his best efforts, Plaintiff was only able to fish a total of seventeen (17) days in the 2018 season. He was delayed in finding another vessel to fish for the season. He incurred additional leasing costs and repair costs for another vessel in 2018.

35. The Plaintiff's damages continued into 2019.

## COUNT 1
## NEGLIGENCE

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 – 35 above.

37. Holding itself out as a providing of moving services for vessels, PAF has a duty to undertake that service with appropriate care and utilizing specialized knowledge. Prior to June 27, 2018, PAF had adequately discharged this duty towards Plaintiff by selecting the Red Trailer for use in launching and hauling-out the *F/V Darlene Rose*.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

38. Having voluntarily agreed to haul-out the *F/V Darlene Rose* on June 27, 2018, PAF owed a duty of care to Plaintiff to select the proper trailer for that haul-out.

39. Defendant breached this duty by selecting an unsuitable trailer (the Green Trailer) to perform the June 27, 2018 haul-out. The Green Trailer had never been used for launching or haul-out of the *F/V Darlene Rose*.

40. PAF knew, or should have known, that the Green Trailer was not suitable for use in safely hauling out or launching the *F/V Darlene Rose* but used the Green Trailer anyway.

41. PAF's use of an unsuitable trailer to haul-out the *F/V Darlene Rose* on June 27, 2018 was the proximate cause of the damage to the vessel's hull.

42. Prior to the haul-out of June 27, 2018, there was no breach in the hull of the *F/V Darlene Rose*, but as a result of Defendant's negligence in selecting a trailer, not suited for hauling out the *F/V Darlene Rose* and using that unsuitable trailer, the hull of the *F/V Darlene Rose* was cracked in several places, rendering the *F/V Darlene Rose* unseaworthy.

43. As a result of this unseaworthy condition to the vessel caused by PAF's selection of and use of a trailer not suited for haul-out of the *F/V Darlene Rose*, Plaintiff has sustained damages for, without limitation, the cost of repair, for the loss of foreseeable business opportunities, and for the cost of replacement vessels. Such damages are in an amount to be proven at trial but not less than $100,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

44. For Judgment in Plaintiff's favor and against Defendant on all counts in an amount to be proven at trial in excess of $100,000;

45. For an award of attorney's fees, costs, and pre- and post- judgment interest in accordance with Alaska' Rules of Civil Procedure, Alaska's Rules of Administration, and Alaska's laws.

46. For such other and further relief as the court deems just and equitable in the circumstances.

DATED this _23rd_ day of March 2021, at Anchorage, Alaska.

        Law Office of Brent R. Cole, P.C.
        Attorneys for Plaintiff Eric Phillip

By:   s/Brent Cole
      Brent R. Cole
      AK State Bar No. 8606074

**CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of March, 2021, a copy of the foregoing document was served electronically on the following party:

Brewster H. Jamieson, Esq.
Lane Powell, LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501

By_Nicole Miller_